Gary S. Deschenes (ID #2293)
DESCHENES & SULLIVAN LAW OFFICES
309 First Avenue North
P.O. Box 3466
Great Falls MT 59403-3466
E-mail: gsd@dslawoffices.net
Telephone (406) 761-6112
Facsimile (406) 761-6784
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

IN RE                            )
                                 ) No. 11-62288
BENJAMIN L. BROWN, SR.           )
                                 ) (Chapter 11)
                    Debtor.      )

SECOND AMENDED PLAN OF REORGANIZATION DATED AUGUST 22, 2012

    The Debtor in above-captioned Chapter 11 case hereby proposes the following Second Amended Plan of Reorganization pursuant to Subchapter II of Chapter 11 of the Bankruptcy Code.

**ARTICLE I.**

DISCLOSURE STATEMENT

    The Court has approved Debtor's Amended Disclosure Statement filed on June 5, 2012, with respect to the Plan.

**ARTICLE II.**

DEFINITION OF TERMS

    A term used in the Plan that is not defined below which is used in the Bankruptcy Code shall have the meaning described in the Bankruptcy Code. The following terms shall have meaning specified below, unless the context otherwise requires, when used in this Plan.

    A.    ADMINISTRATIVE CLAIM: All allowed claims against the Debtor entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code.

B.  <u>ALLOWED CLAIM</u>:  Any claim in the amount and of the priority classifications set forth in the proof of such claims that has been filed timely in the reorganization case, or in the absence of such proof, as set forth in the Debtor's Schedules of Liabilities filed in the reorganization case, unless:  (i) such claim has been listed in such Schedules as disputed, contingent, or unliquidated, in which case such claim shall be allowed only in such amount and such classification as is authorized by Order of the Bankruptcy Court; (ii) such claim has been objected to or is objected to after confirmation, in which case such claim shall be allowed only in such amount and such classification as is authorized by order of the Bankruptcy Court; or (iii) such claim has been paid in full, withdrawn, or otherwise deemed satisfied in full.

C.  <u>ALLOWED INTEREST</u>:  Any equity interest in the amount and of the priority classification set forth in the profile of such equity interest that has been filed timely in the reorganization case, or in the absence of such proof, as set forth in the Debtor's Listings and Schedules filed in the reorganization case, unless: (i) such equity interest has been objected to or is objected to after confirmation, in which case such equity interest shall be allowed only in such amount and such classification as is authorized by Order of the Bankruptcy Court; (ii) such equity interest has been paid in full, withdrawn, or otherwise deemed satisfied in full or retired.

D.  <u>BANKRUPTCY COURT</u>:  The United States Bankruptcy Court for the District of Montana, before which this reorganization case is pending.

E.  <u>CLAIM</u>:  Any right to payment from the Debtor arising before the effective date, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right arising before the effective date to an equitable remedy for breach of performance if such breach gives rise to a right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, legal, equitable, secured, or unsecured.

F.  <u>CLASS</u>:  A class of claims or equity interests as defined in Article III of this Plan.

     G.    <u>CONFIRMATION</u>: The entry of the Order of Confirmation by the Bankruptcy Court.

     H.    <u>DEBTOR:</u> Benjamin L. Brown, Sr.

     I.    <u>DISBURSING AGENT</u>: The Disbursing Agent designated in the Order of Confirmation, or otherwise by the Bankruptcy Court.

     J.    <u>EFFECTIVE DATE</u>: The date thirty days after confirmation, or the first business day thereafter, unless the effect of the Order of Confirmation is stayed under Bankruptcy Rule 8005.

     K.    <u>ORDER OF CONFIRMATION</u>: The Order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

     L.    <u>PETITION DATE</u>: The date upon which the Debtor filed the Chapter 11 Petition commencing this reorganization case.

     M.    <u>PLAN</u>: This Plan of Reorganization in its present form or as it may be amended or modified from time to time pursuant to the Order of the Bankruptcy Court.

     N.    <u>REORGANIZATION CASE</u>: The Chapter 11 case pending before the Bankruptcy Court commenced by the Debtor which bears the caption of the Plan.

     O.    <u>REORGANIZED DEBTOR</u>: The Debtor is reorganized as of the effective date pursuant to the Plan.

     P.    <u>SECURED CLAIM</u>: An allowed claim arising before the Petition date and secured by a lien, security interest, or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under 11 U.S.C. 533.

     Q.    <u>TAX CLAIM</u>: All allowed claims against the Debtor entitled to priority pursuant to Section 507(a)(7) of the Bankruptcy Code.

     R.    <u>UNSECURED CLAIM</u>: An allowed claim that is not an administrative claim, a secured claim, or a tax claim and that arose before the Petition date.

**ARTICLE III.**

3

## CLASSIFICATION OF CLAIMS AND INTERESTS

Claims and interests are placed in the following classes:

CLASS I - ADMINISTRATIVE EXPENSES

****************************************************************

CLASS II - PRIORITY - DISPUTED - IMPAIRED

Internal Revenue Service
Montana Department of Revenue
State of Hawaii, Department of Taxation

****************************************************************

CLASS III - SECURED - IMPAIRED - UNDISPUTED

Wells Fargo Bank
Wells Fargo Bank
Yellowstone County Treasurer

****************************************************************

CLASS IV - SECURED - IMPAIRED - UNDISPUTED

Wells Fargo Bank
Wells Fargo Bank

****************************************************************

CLASS V - SECURED - IMPAIRED - UNDISPUTED

Wells Fargo Bank
Yellowstone County Treasurer

****************************************************************

CLASS VI - SECURED - IMPAIRED - UNDISPUTED

Wells Fargo Bank
Wells Fargo Bank
Beaverhead Homeowners Association

****************************************************************

CLASS VII - SECURED - IMPAIRED - UNDISPUTED

Pacific Guardian Life

****************************************************************

```
CLASS VIII - SECURED - IMPAIRED - UNDISPUTED

First Interstate Bank
Yellowstone County Treasurer
Yellowstone County Treasurer
Yellowstone County Treasurer
Cascade County Treasurer
Sunrise Financial Group
```

***************************************************************

```
CLASS IX - SECURED - IMPAIRED - UNDISPUTED

First Interstate Bank
```

***************************************************************

```
CLASS X - SECURED - IMPAIRED - UNDISPUTED

Butte Silver Bow Treasurer
Dawson County Treasurer
```

***************************************************************

```
CLASS XI - SECURED - IMPAIRED - UNDISPUTED

First Hawaiian Bank
Altana Credit Union
Altana Credit Union
```

***************************************************************

CLASS XII - UNSECURED CREDITORS - IMPAIRED - $5,000 AND UNDER

***************************************************************

CLASS XIII - UNSECURED CREDITORS - IMPAIRED - OVER $5,000

***************************************************************

**ARTICLE IV.**

TREATMENT OF CLAIMS UNDER THE PLAN

**Class I - Administrative Expenses**

This class is unimpaired. This class will be paid within thirty (30) days of approval of fees from the operation of the businesses. There is currently approximately $40,000.00 owed to Deschenes & Sullivan, and $10,000.00 owed to Joy Culver and Eide Bailly LLP.

**Class II - Priority - disputed - impaired**

5

       Internal Revenue Service - $18,484.65
       Montana Department of Revenue - $10,207.87
       State of Hawaii, Department of Taxation - $unknown

       Internal Revenue Service: The current amount outstanding is $18,484.65. This amount shall be amortized over a period of fifty-one (51) months and accrue interest at the current interest rate in effect during the month the Plan is confirmed. Debtor shall make monthly payments in the amount of $386.50. The first payment shall be due on October 15, 2012 and monthly thereafter. On or before December 1, 2016, Debtor shall pay the remaining amount due in full.

       Montana Department of Revenue: The current amount outstanding is $10,207.87. This amount shall accrue a rate of interest of eight percent (8%) per annum and be amortized over a period of five (5) years. Payments will begin two months after confirmation.

       State of Hawaii, Department of Taxation: The State of Hawaii has stated there is no state income tax due, but there may be excise taxes owing. Debtor's accountant and the State of Hawaii are working together to resolve the issue. In the event there is an amount owing, that sum shall be amortized over a period of fifty-one (51) months and accrue interest at the rate of three percent (3%) per annum. Payments will begin two months after confirmation.

**Class III - Secured - impaired - undisputed**

       Wells Fargo Bank - $145,505.53
       Wells Fargo Bank - $511,774.41
       Yellowstone County Treasurer - $2,366.73

       Wells Fargo Bank: The allowed claim of Wells Fargo under loan number 0434, is secured by a first mortgage on Debtor's Molt Road residence. The current amount outstanding is approximately $145,505.53 as of December 9, 2011. This amount shall accrue a rate of interest of five percent (5%) per annum. The collateral will be listed for sale for a period of one and one-half (1½) years. In the event the property is not sold within one and one-half years, Debtor will hire an auctioneer agreeable to Wells Fargo and auction the property in accordance with their guidelines. Debtor shall make no payments during this time period.

       Wells Fargo Bank: The allowed claim of Wells Fargo under loan number 0126 is secured by a second mortgage on Debtor's Molt Road residence. The current amount outstanding is approximately $511,774.41 as of December 9, 2011. This amount shall accrue a rate of interest of five percent (5%) per annum. The collateral will be listed for sale for a period of one and one-half (½) years. In the event the property is not sold within one and one-half years, Debtor will hire an auctioneer agreeable to Wells Fargo and auction the property in accordance with their guidelines. Debtor shall make no payments during this time period.

       Yellowstone County Treasurer: This creditor is secured by a tax lien on Debtor's residence. The current amount outstanding is approximately $2,366.73. This amount shall be amortized over a period of five (5) years and accrue interest at a rate of interest of five percent (5%) per annum. The collateral will be listed for sale for a period of two years. In the event the property is not sold within two years, Debtor will hire an auctioneer agreeable to Wells Fargo and auction the property in accordance with their guidelines. Debtor shall make no payments during this time period.

       Creditors shall retain their liens on their collateral except as set forth herein.

**Class IV - Secured - impaired - undisputed**

Wells Fargo Bank - $143,763.75
Wells Fargo Bank - $409,717.97

Wells Fargo Bank: The allowed claim of Wells Fargo under loan number 3826 is secured by a first mortgage on Debtor's Maui condo. The current amount outstanding is approximately $143,763.75 as of December 9, 2011. This amount shall accrue a rate of interest of five percent (5%) per annum. Debtor will bring the loan current upon the sale of his other properties or payoff the loan at his option without penalty. In the event Debtor pays the loan in full, there shall be no pre-payment penalty. Debtor shall make no payments during this time period. In the event the loan is not brought current by one and one-half years from confirmation, Debtor will begin making monthly payments based upon a twenty (20) year amortization.

Wells Fargo Bank: The allowed claim of Wells Fargo under loan number 3000, is secured by a second mortgage on Debtor's Maui condo. The current amount outstanding is approximately $409,717.97 as of December 9, 2011. This amount shall accrue a rate of interest of five percent (5%) per annum. Debtor will bring the loan current upon the sale of his other properties or payoff the loan at his option without penalty. In the event Debtor pays the loan in full, there shall be no pre-payment penalty. Debtor shall make no payments during this time period. In the event the loan is not brought current by one and one-half years from confirmation, Debtor will begin making monthly payments based upon a twenty (20) year amortization.

Creditors shall retain their liens on their collateral except as set forth herein.

**Class V - Secured - impaired - undisputed**

Wells Fargo Bank - $123,402.28
Yellowstone County Treasurer - $928.24

This subject property, 1400 Poly Drive, Billings, Montana, was sold on or about June 20, 2012. Both Wells Fargo Bank and Yellowstone County Treasurer are paid in full as a result of this sale and are owed nothing further in relation to the subject property.

**Class VI - Secured - impaired - undisputed**

Wells Fargo Bank - $115,652.14
Wells Fargo Bank - $453,891.79
Beaverhead Homeowners Association - $4,526.76

Wells Fargo Bank: The allowed claim of Wells Fargo under loan number 7769 is secured by a first mortgage on Debtor's Big Sky Condo. The current amount outstanding is approximately $115,652.14 as of December 9, 2011. This amount shall accrue a rate of interest of five percent (5%) per annum. The collateral will be listed for sale for a period of one and one-half (1½) years. In the event the property is not sold within one and one-half years, Debtor will hire an auctioneer agreeable to Wells Fargo and auction the property in accordance with their guidelines. Debtor shall make no payments during this time period. Wells Fargo shall retain its lien on its collateral.

Wells Fargo Bank: The allowed claim of Wells Fargo under loan number 9188 is secured by a second mortgage on Debtor's Big Sky Condo. The current amount outstanding is approximately $453,891.79 as of December 9, 2011. This amount shall accrue a rate of interest

of five percent (5%) per annum. The collateral will be listed for sale for a period of one and one-half (1½) years. In the event the property is not sold within one and one-half years, Debtor will hire an auctioneer agreeable to Wells Fargo and auction the property in accordance with their guidelines. Debtor shall make no payments during this time period. Wells Fargo shall retain its lien on its collateral.

Beaverhead Homeowners Association: This creditor is secured by a lien on Debtor's Big Sky condo. The current amount outstanding is approximately $4,526.76. This amount shall be amortized over a period of five (5) years and accrue interest at a rate of interest of five percent (5%) per annum. The collateral will be listed for sale for a period of two years. In the event the property is not sold within two years, Debtor will hire an auctioneer agreeable to Wells Fargo and auction the property in accordance with their guidelines. Debtor shall make no payments during this time period.

Creditors shall retain their liens on their collateral except as set forth herein.

**Class VII - Secured - impaired - undisputed**

Pacific Guardian Life - $1,280,000.00

This creditor is secured by a first mortgage on Debtor's property known as the strip mall at 350 Hukilike Street, Maui, Hawaii and will be paid pursuant to the Stipulation for Treatment of Secured and Unsecured Claim of Pacific Guardian Life Insurance Co. Ltd. (Docket No. 181) entered into between the parties and approved by this Court on July 23, 2012 (Docket No. 184). Said Stipulation shall prevail over any conflict between the Stipulation and the Plan.

Creditors shall retain their liens on their collateral except as set forth herein.

**Class VIII - Secured - impaired - undisputed**

First Interstate Bank - $1,396,839.65
Yellowstone County Treasurer - $9,841.23
Yellowstone County Treasurer - 15,633.06
Yellowstone County Treasurer - $10,928.06
Cascade County Treasurer - $14,572.30
Sunrise Financial Group - $10,900.62

First Interstate Bank: This creditor is secured by a first mortgage on Debtor's commercial buildings located at 1142 Grand Avenue, Billings, Montana, 1416 Main, Billings, Montana, 507 West Main, Laurel, Montana, and 901 9th Street South, Great Falls, Montana, and will be paid pursuant to the Stipulation and Agreement Between Debtor and First Interstate Bank (Docket No. 185) entered into between the parties and approved by this Court on July 24, 2012 (Docket No. 186). Said Stipulation shall prevail over any conflict between the Stipulation and the Plan.

Yellowstone County Treasurer: This creditor is secured by a tax lien on Debtor's commercial building located at 1416 Main, Billings, Montana. The current amount outstanding is approximately $9,841.23. This amount shall accrue interest at a rate of five percent (5%) per annum. On or before December 1, 2016, Debtor shall pay the amount owing in full. Debtor shall make no payments during this time period.

8

Yellowstone County Treasurer: This creditor is secured by a tax lien on Debtor's commercial building located at 1142 Grand, Billings, Montana. The current amount outstanding is approximately $15,633.06. This amount shall accrue interest at a rate of five percent (5%) per annum. On or before December 1, 2016, Debtor shall pay the amount owing in full. Debtor shall make no payments during this time period.

Yellowstone County Treasurer: This creditor is secured by a tax lien on Debtor's commercial building located at 507 West Main, Laurel, Montana. The current amount outstanding is approximately $10,928.06. This amount shall accrue interest at a rate of five percent (5%) per annum. On or before December 1, 2016, Debtor shall pay the amount owing in full. Debtor shall make no payments during this time period.

Cascade County Treasurer: This creditor is secured by a tax lien on Debtor's commercial building located at 901 9th Street South, Great Falls, Montana. The current amount outstanding is approximately $14,572.30. This amount shall accrue interest at a rate of five percent (5%) per annum. On or before December 1, 2016, Debtor shall pay the amount owing in full. Debtor shall make no payments during this time period. Included in the Proof of Claim is approximately $10,900.62 owed to Sunrise Financial Group.

Creditors shall retain their liens on their collateral except as set forth herein.

**Class IX - Secured - impaired - undisputed**

First Interstate Bank - $1,838,086.25

First Interstate Bank: This creditor is secured by a first mortgage on Debtor's ranch property located at 8056 Molt Road, Billings, Montana and will be paid pursuant to the Stipulation and Agreement Between Debtor and First Interstate Bank (Docket No. 185) entered into between the parties and approved by this Court on July 24, 2012 (Docket No. 186). Said Stipulation shall prevail over any conflict between the Stipulation and the Plan.

Creditors shall retain their liens on their collateral except as set forth herein.

**Class X - Secured - impaired - undisputed**

Butte Silver Bow Treasurer - $7,565.03
Dawson County Treasurer - $3,465.82

Butte Silver Bow Treasurer: This creditor is secured by a tax lien on Debtor's commercial building located at 125 Montana Avenue, Butte, Montana. The current amount outstanding is approximately $7,565.03. This amount shall accrue interest at a rate of five percent (5%) per annum. On or before December 1, 2016, Debtor shall pay the amount owing in full. Debtor shall make no payments during this time period.

Dawson County Treasurer: This creditor is secured by a tax lien on Debtor's commercial building located at 910 Merrill Avenue, Glendive, Montana. The current amount outstanding is approximately $3,465.82. This amount shall accrue interest at a rate of five percent (5%) per annum. On or before December 1, 2016, Debtor shall pay the amount owing in full. Debtor shall make no payments during this time period.

Creditors shall retain their liens on their collateral except as set forth herein.

**Class XI - Secured - impaired - undisputed**

First Hawaiian Bank - $0.00
Altana Credit Union - $37,753.70
Altana Credit Union - $12,461.34

First Hawaiian Bank: This creditor was secured on a 2005 Lexus. The loan has been paid in full and the creditor withdrew its Proof of Claim on June 25, 2012.

Altana Credit Union: This creditor is secured on a 2007 Mercedes. The current amount outstanding is approximately $37,753.70. This amount shall be paid by Debtor unimpaired by the Plan.

Altana Credit Union: This creditor is secured on a 2007 GMC Yukon owned jointly by Debtor and First Montana Pawn. The current amount outstanding is approximately $12,461.34. This amount shall be amortized over a period of sixty (60) months and accrue a rate of interest of five percent (5%) per annum. Debtor's payments will be $236.14 per month. Payments will begin two months after confirmation.

**Class XII - Unsecured Creditors - Impaired - $5,000 and under**

Debtor shall pay unsecured creditors whose allowed claims are $5,000.00 and under, one hundred percent (100%) of their allowed claims and accumulated interest of five percent (5%) per annum. Debtor specifically reserves the right to object to creditors' claims. Debtor will pay these amounts through cashflow and sales. Payments shall be made within one (1) year from confirmation.

**Class XIII - Unsecured Creditors - Impaired - Over $5,000**

Debtor shall pay unsecured creditors whose allowed claims are greater than $5,000.00, one hundred percent (100%) of their allowed claims within five (5) years and accumulated interest of five percent (5%) per annum. Debtor specifically reserves the right to object to creditors' claims. Debtor will pay these amounts through cashflow and sales.

Payments shall be made one year from confirmation and each year thereafter if appropriate.

UNCLASSIFIED CLAIMS:

Unclassified claims incurred by the Debtor-in-Possession in the ordinary course of business shall be assumed and paid in the ordinary course of business by the reorganized Debtor after the effective date. All other unclassified claims, upon allowance the Bankruptcy Court, shall receive as soon as practicable following the later of (a) the effective date or (b) the date upon which an Order of the Court allowing such claim becomes a final Order, cash in the amount of such allowed claim unless the holder of such unclassified claim agrees to a different treatment.

**ARTICLE V.**

TRUSTEE'S FEES

All fees due the U.S. Trustee, pursuant to 28 U.S.C. § 1930(a)(6), for calendar quarters ending prior to confirmation of the Plan shall be paid on or before the effective date of the Plan. Fees due for calendar quarters ending after confirmation shall be paid when due except that the fee

10

owing for the quarter in which a final decree is entered closing the case shall be paid prior to the entry of such final decree. The reorganized Debtor will file with the office of the U.S. Trustee a report of receipts and disbursements for the month in which the Plan is confirmed and for each month thereafter until a final decree is entered.

## ARTICLE VI.

### EFFECT OF CONFIRMATION

As of the effective date, the assets of the Debtor shall be free and clear of any and all claims and interests of the holders of claims no equity interests, except as otherwise provided in the Plan or the Order of Confirmation. Furthermore, confirmation shall operate as of the effective date as a judicial determination of the discharge for all liability of indebtedness of Debtor, accept as otherwise provided in the Plan or the Order of Confirmation.

## ARTICLE VII.

### NON-SUBSTANTIVE MODIFICATIONS OF THE PLAN

Debtor may modify the Plan at anytime before confirmation if the Bankruptcy Court determines that the proposed modification does not materially and adversely affect or impair the interests of any holder of a claim or interest that has not accepted such modification in writing. If the Bankruptcy Court makes such a determination and approves such modification, it shall be deemed accepted by all holders of claims and equity interests that have previously accepted the Plan.

## ARTICLE VIII.

### TITLE TO ASSETS

Upon confirmation, the Debtor shall be revested with all assets and shall retain all property during the term of the plan as provided herein. The secured creditor and holders of interest shall retain any security or other interest in the Debtor's property until their claims have been satisfied as prescribed herein.

## ARTICLE IX.

### JURISDICTION OF THE BANKRUPTCY COURT

The Bankruptcy Court shall continue to maintain jurisdiction subsequent to confirmation for the purpose of:

(a) Fixing and allowance of any claims as a cost and expense of the administration of the reorganization case.

(b) Re-examine any claim that has been allowed.

(c) Hearing and determining any objection to a claim which objection is filed with the Bankruptcy Court by the Debtor.

(d) Hearing and determining any action brought by the Debtor or the Debtor-in-possession seeking to avoid any transfer of an interest of Debtor in property, or any obligation incurred by Debtor, that is avoidable pursuant to the Bankruptcy Code.

(e) Hearing and determining all causes of action, controversies, disputes, or conflicts between or among the Debtor and any other party, including those that were pending prior to confirmation and that are specially set forth and reserved in the Order of Confirmation.

(f) Hearing and determining all questions and disputes regarding titles to the property of the Debtor or the Debtor's estate.

(g) Correcting any defect, curing any omission, or reconciling any inconsistency in the Plan or Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan.

(h) Hearing and determining any action brought by the Debtor to protect the Debtor and the Debtor's estate from actions of creditors or other parties of interest.

(i) Issuing any order necessary to implement the Plan or Order of Confirmation, including, without limitation, such declaratory and injunctive order as are appropriate to protect the Debtor, the Debtor's estate, the reorganized Debtor, and the reorganized Debtor's estate from actions of creditors or other parties in interest that are in violation of the Plan.

(j) Hearing and determining any dispute relating to the terms or implementation of the Plan or Order of Confirmation, or that the rights or obligations of any parties in interest with respect hereto.

(k) Confirmation of a modified Plan under Article VII above or the confirmation of a modified Plan pursuant to Section 1127(b) of the Bankruptcy Code.

(l) Entering orders concluding and terminating the reorganization case.

DATED this 22nd day of August, 2012.

                DESCHENES & SULLIVAN LAW OFFICES

                BY:/s/ Gary S. Deschenes
                  Gary S. Deschenes
                  Attorneys for Debtor

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that on August 22, 2012, or as soon as possible thereafter, copies of the foregoing SECOND AMENDED PLAN OF REORGANIZATION DATED AUGUST 22, 2012 was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:

Wells Fargo Bank, N.A.
c/o Routh Crabtree Olsen, PS
13555 SE 36th St., Suite 300
Bellevue, WA  98006

Cynthia M. Johiro
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, HI  96813

See Attached Mailing Matrix.

DATED this 22nd day of August, 2012.

/s/ Lisa Peck
Lisa Peck

| | | |
|---|---|---|
| First Hawaiian Bank<br>Consumer Service Center<br>PO Box 29450<br>Honolulu, HI  96820-1850 | Maui County Real Property Tax<br>70 E Kaahumanu Ave, Ste A16<br>Kahului, HI  96732 | Silver Bow County Treasurer<br>155 West Granite<br>Butte, MT  59701 |
| Alice Lee<br>Box 1606<br>Kahului, HI  96733 | American Express<br>3000 Corporate Exchange,<br>5th Floor<br>Columbus, OH  43231 | Dr. James Hansen<br>535 Puunene Ave, Ste 127<br>Kahului, HI  96732 |
| First Interstate Bank<br>PO Box 30918<br>Billings, MT  59116-0918 | Gregory & Sherry Stokes<br>3004 6th Avenue South<br>Great Falls, MT  59405 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA  19101-7346 |
| Montana Department of Revenue<br>Attn: Kim Davis<br>PO Box 7701<br>Helena, MT  59604-7701 | Patten Peterman Bekkedahl Green<br>2817 2nd Avenue North, Ste 300<br>Billings, MT  59101 | Rachel Chrisoferson<br>PO Box 7<br>Shepherd, MT  59079 |
| Wells Fargo Bank<br>1000 W Washington Bank<br>Phoenix, AZ  85003 | Wells Fargo Mastercard<br>PO Box 30086<br>Los Angeles, CA  90030-0086 | Wells Fargo Visa<br>PO Box 30086<br>Los Angeles, CA  90030-0086 |
| Altana Credit Union<br>3212 Central Ave<br>Billings, MT  59102 | Cascade County Treasurer<br>PO Box 2549<br>Great Falls, MT  59403-2549 | Dawson County Treasurer<br>207 West Bell Street<br>Glendive, MT  59330 |
| First Hawaiian Bank<br>Consumer Service Center<br>PO Box 29450<br>Honolulu, HI  96820-1850 | Pacific Guardian Life<br>Pacific Guardian Tower<br>1440 Kapiolani Blvd No. 1700<br>Honolulu, HI  96814 | Silverbow County Treasurer<br>155 West Granite<br>Butte, MT  59701 |
| State of Hawaii<br>Department of Taxation<br>54 S. High St. #208<br>Wailuku, HI  96793-2198 | Sunrise Financial Group<br>PO Box 1952<br>Great Falls, MT  59403 | Wells Fargo Bank<br>PO Box 31557<br>Billings, MT  59107-9900 |
| Wells Fargo Home Mortgage<br>PO Box 10335<br>Des Moines, IA  50306-0335 | Yellowstone County Treasurer<br>PO Box 35010<br>Billings, MT  59107-5010 | |